The North Carolina statute at issue in this case is so extremely broad that it includes any act or any conduct involving a minor, regardless of whether the act is abusive, so long as the person's motivation is sexual gratification or desire. In fact, it is so broad that the North Carolina statute can be violated by conduct that the minor is not even aware of. And in my brief, I did give an example, State v. McLeese, where a Christian headmaster had a video camera set up in his office, and he asked a 15-year-old student to go into the office and try on some basketball uniforms. Unbeknownst to the 15-year-old, the Christian headmaster secretly videotaped her changing into these basketball uniforms so that he could later view this. And the girl at the time of the offense was unaware of anything going on. Whether she was aware or not, suppose that he had posted those videos of her naked in the office. Let me finish my hypothetical question, I realize. I'd like to understand the limits of this North Carolina statute, but had posted the girl's photographs or video on a porn site on the Internet. She was completely unaware of it. What difference does it make as to his conduct? Well, I think that goes to the other circuits that have decided this issue, and that's the Eleventh Circuit and the Fifth Circuit. And in that case, they state we don't require touching because we're concerned in general with minors. We do not wish for minors to be either physically injured or psychologically injured. And if a minor is not even aware of something going on, I don't understand how there could be psychological injury if they're not aware that anything is going on. I don't think there's a societal harm in having somebody's privacy invaded and then having, whether they know it or not, their image and their conduct posted all over a porn site on the Internet. I do believe that it is improper. I do believe that it is inappropriate. However, I don't believe that that constitutes categorically sexual abuse of a minor. I don't think that's abusive behavior by someone involving a minor. The conduct he's engaged in, not whether the ñ this isn't a civil suit for tort damages by the victim. It's a question of what North Carolina deems to be antisocial conduct with respect to a minor. You don't think that's abusive conduct? I don't think it qualifies as sexual abuse of a minor, no. As I indicated, I do think it's inappropriate. It's not correct. But I don't think categorically it falls under what sexual abuse of a minor has been defined as by the Ninth Circuit in the two cases, Barón Medina and Payadas-Galán. Particularly in Payadas-Galán, they rejected the government's argument that any act involving a minor is sexual abuse of a minor so long as the perpetrator has sexual gratification as his motivation. And the Court said specifically, bad intent or sexual gratification is not enough. We require conduct that is actually abusive.  So psychological damage in the Ninth Circuit's not sufficient, right? I think that when a child is touched, that could involve ñ No. No touching. Just psychological damage. It can be done vocally. It can be done in photographs. It can be communicated over the Internet. It can come in a lot of ways. But if it's just psychological damage, there's no liability to the defendant criminally, right? I guess I would not go that far. All I can say is ñ Is that where case law takes us? Specifically, Ninth Circuit case law? Well, the only cases that I can cite are the ones that are in Payadas-Galán, which I have already indicated in my briefs. And one that ñ what they say is, this is conduct that would violate the annoy or molest, but would not constitute the crime of sexual abuse of a minor. Well, that's under California. Let's talk about North Carolina. It's the North Carolina statute that we're trying to understand. Is there any North Carolina case other than the McLeese case that would constitute the crime of sexual abuse of a minor? No. Well, there are a number of cases that take the construction or application of that penal code to the extremes posited, for example, in the hypothetical in the Fifth Circuit case about the shoe or foot fetishist. Well, they said in the ñ in rejecting the shoe or foot fetish argument, they said we're concerned with covert acts indicating that the minor has to see or sense that the shoe or foot fetishist has no interest in that. They said in that example a minor could be completely unaware and the act wasn't really necessarily directed towards her. That was a hypothetical posed by the Fifth Circuit? That's correct. Now, my question goes to, is there any North Carolina case construing its statute along those hypothetical lines that isn't an actual case? Or is the McLeese case the outer limit of the North Carolina State Court's construction of that statute? I think both McLeese and State v. Every, which involves mere solicitation over the telephone, that those are two examples that show how extremely broad the statute is, that you can have mere words, that you can have... Okay. Would you agree or disagree, following up on Judge Beeser's question, that in the telephone where there's, in fact, actual communication, verbal communication, that there could be some kind of harm inflicted, if not physical, then psychological? I do agree that there could be some psychological harm inflicted. However, I would point out in the Every case, the victim indicated that she quit calling the karate instructor because she was, in her words, grossed out by the conversations, which didn't sound like she felt that she had been psychologically damaged. She just found the conversations disturbing in that case. We're talking categorical, though. So the question is whether or not the individual was actually harmed. And the question is, it seems in part, whether or not what the conduct of the defendant that is trying to be regulated is that which actually causes or could cause physical or actual harm, because the statute also criminalizes attempts, does it not, in the other categories? That's correct, Your Honor. Categorically, again, I don't believe that under this Circuit's case law that the minor, which is why we go on to the modified categorical approach. I understand. I understand the modified. I think what we're wrestling, trying to wrestle with is the categorical, because if one goes to the modified here, I don't think there's any question that it isn't one of these hypothetical cases. But we're not there because the evidence wasn't presented, apparently. But my question is, I'm trying to understand your position. Under Ninth Circuit law, if, in fact, the North Carolina statute required at least some showing of, even as the Circuit suggested or the Eleventh Circuit, I forget which, that there be at least some evidence of, even if it's minor, physical or psychological harm, are you saying that the Ninth Circuit would not accept that as sexual abuse of a minor or psychological harm? They would have to find that it was conduct that was abusive under Fiat Escalante. That's not inappropriate, not just inappropriate sexual gratification. And if I may, I would like to spend my remaining minutes in rebuttal. Thank you. Good morning, Your Honor. May it please the Court. Elizabeth Berenger, Assistant U.S. Attorney on behalf of the United States. The District Court correctly found that the defendant's North Carolina conviction categorically constituted sexual abuse of a minor. As the Court is clearly aware in this case, the issue is whether the conduct prohibited by the statute constitutes an abuse under Ninth Circuit case law. To answer both Judge Beezer and Judge Fisher's questions, we can completely read the North Carolina statute consistently with Ninth Circuit case law. In Barone, Medina, this Court found that abuse is defined by its ordinary contemporary and common meaning, and that the use of young children for the gratification of sexual desires constitutes an abuse no matter its form. So psychological injury fits within that definition cited in Barone, Medina. Polaris Galan can be distinguished from the North Carolina statute, the annoying molest statute in Polaris Galan in both substance and degree. First of all, it was a misdemeanor statute. The North Carolina statute's a felony statute. The California statute prohibited annoying, disturbing, and irritating conduct. There was no age requirement. Here we have immoral, improper, or indecent liberties if the purpose of the statute is to prevent overt sexual acts against children. And here there is an age requirement that the adult must be over the age of 16 and at least five years older than the child. So the statute ---- Would you apply what you just said then to the construction hypothesized by the Fifth Circuit on the shoe fetish, where the victim is totally unaware, where some aide in a preschool steals a pair of a little girl's shoes and takes them to his home and uses them for sexual gratification there? Would that be reached under the North Carolina statute? I believe that ---- And if so, would that satisfy Ninth Circuit standards? That would ---- I don't think that that would be kept within the meaning of the North Carolina statute prohibiting overt sexual acts and psychological or physical harm to children. The types of things would be more on par with the North Carolina statute as the first statute you mentioned about the child pornography. People have been convicted under the North Carolina statute in non-touching cases, which under the ordinary contemporary meaning would be abuse in such situations as taking naked pictures of children in sexually suggestive positions, masturbating in front of children, exposing oneself and placing hands on genitals while in close proximity to children, masturbating behind glass doors in a home within the view of children at a bus stop, and secretly videotaping a child who's undressing while masturbating. And Isaguerre Flores, the Fifth Circuit case, citing Brohm-Medina, found that all of the kind of contact prohibited by the statute fell within the ordinary contemporary meaning of abuse. Taking ---- You read the California cases as requiring touching? Excuse me? You read the California cases, excuse me, the Ninth Circuit cases as requiring a touching? I think consistent, yes, consistent with Brohm-Medina. Brohm-Medina says the use of young children for the gratification of sexual desires, regardless of its form, constitutes abuse. I'm not sure I understand. Either you didn't understand my question or I didn't understand your answer. Do our cases require there to be actual touching? No. No, sorry. I'm sorry. Just because Brohm-Medina doesn't require it. I think that, as the district court noted in this case on ER-22, both of the statutes at issue in both Brohm-Medina and Polaris-Galan, in 288A did require, California Penal Code 288A, did require a touching. However, that just happened to be what was involved in this case. It never said that touching is required. It just said conduct that is abusive, or the use of young children for the gratification of sexual desires, regardless of form. Okay. Now, I have a pragmatic question. Why doesn't the government put in or why didn't the government in this case put in the documents to establish what he was actually convicted of since they were able to describe it in the PSR? I'm sure there are policy decisions about obtaining conviction documents in every single case and just fiscal decisions, especially when we have both the district court and the U.S. Attorney's Office believe that the offense categorically constituted sexual abuse of a minor. That's why we're all spending all this time arguing in the Ninth Circuit and you could get adverse precedent. I'm not exactly sure what the policy is that drives the Department of Justice not to go along with, which is absolute clear law in the Ninth Circuit, that the modified categorical approach allows you to put in judicially noticeable documents. And yet, why save them for the PSR? Why not save everybody a lot of trouble and put them in at the front end of the case? Also, the defendant in this case was charged originally with rape and he pled to the lesser offense of this offense. So I'm not even sure on the record whether there is documents out there at this point. But the PSR seemed to think or relied on something suggested. Right. Knew what the actual offense was. Yes, Your Honor. Clearly under the PSR, the facts were such that it would be sexual abuse of a minor. But under the categorical approach, the statute categorically prohibits sexual abuse of a minor regardless of what the defendant actually did in this case. Well, if it were so clear, we wouldn't be here, I think. But Isaguerre, Flores, and both Bahar, both understand that they were taking abuse in its ordinary contemporary meaning. I understand. I just said it was a pragmatic question. Yes, Your Honor. I'm just curious as to why the evidence, if it exists, and the PSR implies that it may be, our circuit law is quite clear that if you don't make it under categorical, and a lot of our cases say you don't, not in this case, but that the government hasn't established it as categorical, we revert to the modified categorical. Yes, Your Honor. This is a matter of process. It seems sort of the safety net backup would be to put in the documents in case you lose on categorical. Yes, Your Honor. I understand. Defense counsel also mentioned both McClease and Evry and said that Evry was a mere solicitation case where the minor was merely grossed out. But if we look to the facts of Evry, under its ordinary contemporary meaning, that would also be a case that fell within the categorical definition of sexual abuse of a minor. This 40-year-old karate instructor and this 14-year-old karate student called her repeatedly over several weeks and masturbated on the phone and had these discussions where both he and she was aware that he was masturbating. He encouraged her to masturbate. It goes beyond LaFontaine, the California case. In this case, this court discussed in Polaris Galan. So it's a little bit of a different situation. As with the degree, maybe it's a felony statute and encompasses more serious conduct. Defense counsel also mentioned awareness. As Judge Fisher noted, there are many examples in criminal law that describe criminal culpability where the victim was unaware of the abuse. I don't think the victim's awareness really has a lot to do with the definition of abuse. Defense counsel didn't really bring this up, I'm sure, for time constraints, but the government's refusal to move to the third point also did not violate due process and the cultural assimilation. This court lacks jurisdiction to consider the court's discretionary views of the part downloaded. And if there are no other questions, we would ask that the judgment sentence be affirmed. Okay. Thank you very much. We'll hear a rebuttal. I think that I can answer the question the court had for the prosecutor, and that is the judicially noticeable documents. What happened was Mr. Basa-Martinez was indicted originally for statutory rape, and the probation officer included the language in the indictment in the pre-sentence report. I objected to that because my client did not plead to that charge at all. He pleaded to an amended complaint, which was sexual indecency, improper immoral liberties with a child, and there were absolutely no documentation. There were no documents that were presented for the court to review. In addition, Your Honor, I would like to point out that what the prosecutor said, the use of any children for the gratification of sexual desires constitutes an abuse regardless of its form. I believe that's taken out of context. If you read Barone Medina, that had to do specifically with the touching. In that case, a defendant came up behind a young girl and grabbed her and then tried to kiss her, and the girl was kicking and screaming, and they said it didn't have to be a particular touching that involved genitalia or anything like that. It had to do with the touching of a minor. And I believe that my time is up. I'll give you – I'd just like to ask this one question. Hayar's Golan says, uses the language, that it did not constitute sexual abuse of a minor because such conduct may involve neither harm or injury to a minor, semicolon, nor the touching of or by a minor. Do you read that statement to indicate that you can find sexual abuse categorically without regard to whether or not there's a touching? I think that a touching is required either by the perpetrator or the minor. Okay. All right. Thank you, counsel. We appreciate the argument. The case argued is submitted.
judges: B. Fletcher, Beezer, Fisher